OPINION
{¶ 1} Defendant, Fentahun G. Mengistu, appeals from a decision and entry of the Franklin County Court of Common Pleas denying defendant's petition to vacate or set aside judgment under R.C. 2953.21. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On February 13, 2001, defendant was indicted by the Franklin County Grand Jury on the following counts: one count of aggravated robbery, in violation of R.C. 2911.01; two counts of robbery, in violation of R.C. 2911.02; one count of kidnapping, in violation of R.C. 2905.01; and one count of receiving stolen property, in violation of R.C. 2913.51. The indictment contained firearm specifications as to counts one, two, three, and four.
 {¶ 3} In November 2001, the case proceeded to trial before a jury, but the trial court declared a mistrial and excused the jury. A second trial was commenced on December 10, 2001. The jury returned verdicts finding defendant guilty of all five counts contained in the indictment, including the firearm specifications. On April 16, 2002, by a corrected judgment entry, the trial court sentenced defendant to three years in prison as to count one (aggravated robbery) and six months in prison as to count five (receiving stolen property), to be served concurrently. The trial court imposed no sentence for counts two and three, and count four merged with count one.[1]
Defendant timely appealed from this judgment to this court.
 {¶ 4} On November 7, 2002, defendant filed, with the trial court, a petition to vacate or set aside judgment, pursuant to R.C. 2953.21. In said petition, defendant alleged ineffective assistance of trial counsel and due process violations, and also incorporated all errors assigned in his prior appeal to this court. In support of his petition, defendant submitted affidavits of individuals who did not testify at either trial.
 {¶ 5} On March 25, 2003, while the petition for post-conviction relief was pending before the trial court, this court, in Mengistu I, overruled defendant's three assignments of error and affirmed the judgment of the Franklin County Court of Common Pleas. This court held that double jeopardy did not bar the retrial of defendant under the facts of the case, and that defendant failed to demonstrate that he was denied effective assistance of counsel. See id. at ¶ 29, 64. We note that this court, in Mengistu I, thoroughly outlined and summarized the evidence that was presented at the second trial. Therefore, the evidence presented at the second trial that was discussed inMengistu I is included in this opinion by reference.
 {¶ 6} On November 12, 2003, the trial court denied defendant's petition for post-conviction relief, without conducting a hearing. The trial court determined defendant's claim of ineffective assistance of counsel to be barred by res judicata. The trial court also determined that "[e]ven if Defendant's claim of ineffectiveness of counsel was not barred byres judicata * * * this Court would have denied Defendant's argument." (Nov. 12, 2003 Decision and Entry, at 6.) The trial court observed, "Defendant's claim does not pass the well-established standard by which courts are bound in reviewing a claim of ineffective assistance of counsel." Id. at 6-7. Defendant appeals from the November 12, 2003 decision and assigns the following error for our review:
The trial court violated appellant's rights as guaranteed by the sixth and fourteenth amendments to the united states constitution and comparable provisions of the Ohio constitution by denying his petition for relief under R.C. 2953.21 without first conducting an evidentiary hearing.
 {¶ 7} By his sole assignment of error, defendant asserts that the trial court erred when it denied his petition for post-conviction relief without first conducting a hearing. Specifically, defendant asserts that "the trial court erred in failing to grant relief, or at a minimum, to conduct an evidentiary hearing to determine the merits of Appellant's claims." (Defendant's brief, at 6.)
 {¶ 8} R.C. 2953.21 governs petitions for post-conviction relief. R.C. 2953.21(A)(1)(a) provides, in pertinent part:
Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.
 {¶ 9} The Supreme Court of Ohio has stated that "before a hearing is granted, `the petitioner bears the initial burden to submit evidentiary documents containing sufficient operativefacts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.'" (Emphasis sic.) State v. Calhoun (1999), 86 Ohio St.3d 279,283, quoting State v. Jackson (1980), 64 Ohio St.2d 107, at syllabus. If the petitioner fails to meet this burden, then the trial court may summarily dismiss the petition without a hearing.State v. Perry (1967), 10 Ohio St.2d 175, paragraph two of the syllabus.
 {¶ 10} In the context of reviewing an R.C. 2953.21 petition for post-conviction relief, "a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." Calhoun, at 284. Factors that a trial court should consider in this determination include, but are not limited to:
* * * (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. * * *
Calhoun, at 285, citing State v. Moore (1994),99 Ohio App.3d 748, 754-756. The Supreme Court of Ohio, in Calhoun, at 284, further stated, "not all affidavits accompanying a postconviction relief petition demonstrate entitlement to an evidentiary hearing, even assuming the truthfulness of their contents." We find that this principle applies to the case at bar. In other words, even if the information in the affidavits submitted by defendant is true, such information does not demonstrate ineffective assistance of counsel. See id.
 {¶ 11} In order to establish ineffective assistance of counsel, defendant must meet a two-part test. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. First, defendant must demonstrate that his trial counsel's performance was deficient. That is, defendant must show "that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. A defendant claiming ineffective assistance of counsel must identify specific acts or omissions of counsel that are alleged not to be within the realm of reasonable professional judgment. Id. at 690. A strong presumption exists that counsel's conduct or omissions are within the wide range of reasonable professional assistance. Id. at 689. See, also, State v.Nichols (1996), 116 Ohio App.3d 759, 764 (stating, "[t]here is a strong presumption that licensed attorneys are competent and that the challenged action is the product of sound trial strategy. * * * Even debatable trial tactics do not constitute ineffective assistance of trial counsel.") A court must ultimately determine whether, under the circumstances, the acts or omissions were "outside the wide range of professionally competent assistance."Strickland, at 690.
 {¶ 12} Second, in order to establish ineffective assistance of counsel, defendant must also demonstrate that the deficient performance prejudiced the defendant. This requires defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. In other words, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 {¶ 13} Preliminarily, we observe that res judicata will not bar a claim that is supported by evidence originally dehors the record because it "would have been impossible to fully litigate the claim on direct appeal." State v. Green, Mahoning App. No. 02 CA 35, 2003-Ohio-5142, citing State v. Reynolds (1997),79 Ohio St.3d 158, 161, and Perry, supra. Defendant correctly concludes that res judicata did not bar his claim of ineffective assistance of counsel contained in his petition for post-conviction relief because his claim relies on documentation outside the record in the original appeal. The affidavits submitted with the petition for post-conviction relief were not part of the record in Mengistu I. We note, however, that, based on the record before this court in Mengistu I, this court determined that defendant failed to demonstrate that he was denied effective assistance of counsel at trial.
 {¶ 14} A defendant that alleges ineffective assistance of counsel "occurring dehors the record * * * must support his allegations with evidentiary quality documents." State v. Mack
(Oct. 26, 2000), Cuyahoga App. No. 77459, citing State v.Kapper (1983), 5 Ohio St.3d 36, and Jackson, supra. Thus, we must determine whether the affidavits submitted with the petition for post-conviction relief provide sufficient operative facts indicating that defendant's trial counsel was deficient and that defendant was prejudiced by this deficiency.
 {¶ 15} In his petition for post-conviction relief, defendant alleged that defendant's trial counsel "did not interview witnesses available to him and conduct a reasonable investigation of the case in order to discover relevant, exculpatory evidence." (See November 7, 2002 petition.) Defendant also alleged that his trial counsel was given, prior to the first trial, the names of "exculpating witnesses," which included the affiants. See id.
 {¶ 16} We observe that no documentation of evidentiary quality was submitted with the petition indicating that trial counsel was provided the names of the affiants prior to the first trial. Furthermore, defendant's allegations regarding trial counsel's action or inaction, with respect to potential witnesses, are not supported by sufficient documentation of evidentiary quality. We note that our analysis in this appeal, regarding trial counsel's alleged ineffective assistance, is essentially limited to the testimony contained in the affidavits, not what was merely alleged in the petition by defendant's counsel. Three of the submitted affidavits make the following statement: "During the course of Fentahun's first trial, I was not contacted to testify, neither was I interviewed about these events by Web Lyman, or any of his representatives." (Affidavits of Achenifi Molla, Hailu Mebrahtu, and Binian Golla.) Curiously, the submitted affidavits make no reference as to whether the affiants were contacted to testify or interviewed subsequent to the termination of defendant's first trial. Defendant was convicted following the presentation of the evidence in the second trial, not the first. Considering defendant's first trial ended as a mistrial, we find the affiants' identical statements inconsequential with respect to whether defendant's counsel provided ineffective assistance at trial. Assuming trial counsel had obtained the names of the affiants, the affidavits do not indicate that the affiants were not contacted or interviewed subsequent to the termination of the first trial. Moreover, even assuming trial counsel contacted or interviewed the affiants, our consideration of the statements contained within the affidavits, regarding the robbery, leads us to the conclusion that a decision not to call these individuals to testify would have been within the sound discretion of trial counsel.
 {¶ 17} Upon our consideration of the affidavits submitted with defendant's petition for post-conviction relief, we conclude that defendant has failed to submit evidentiary quality documents containing "sufficient operative facts" indicating that defendant's trial counsel fell below an objective standard of reasonableness. Consequently, we conclude that the trial court did not err when it denied defendant's petition for post-conviction relief without conducting a hearing. Accordingly, defendant's sole assignment of error is overruled.
 {¶ 18} Having overruled defendant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt and Watson, JJ., concur.
[1] We observe that the trial court stated the following at the sentencing hearing: "[B]y law, I am required to impose a sentence of three years on the firearm specification. That would be consecutive to Counts One and Five." (Tr. II, at 193-194.) However, for reasons not apparent from the record before this court, the trial court did not impose, in its judgment entry, the mandatory three-year prison sentence for the firearm specification, which must be served consecutively with the underlying felony. See April 16, 2002 Corrected Judgment Entry; R.C. 2929.14(D)(1)(a) and (E)(1). This issue was not raised by the state in State v. Mengistu, Franklin App. No. 02AP-497, 2003-Ohio-1452 ("Mengistu I"), and has not been raised by the state in this appeal.