OPINION
{¶ 1} Defendant-appellant, Michael R. Turner, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his petition for post-conviction relief without a hearing. Because appellant's petition, supporting affidavits, documentary evidence, files and records fail to set forth sufficient operative facts to establish substantive grounds for relief, we affirm that judgment.
 {¶ 2} On June 12, 2001, Jennifer Lyles Turner and her friend Ronald Seggerman, were murdered in Reynoldsburg, Ohio. Ten days later, appellant was charged with the aggravated murders of both Jennifer Lyles Turner and Ronald Seggerman in violation of R.C.2903.01(A). Jennifer Lyles Turner was appellant's estranged wife. Both charges included death penalty specifications pursuant to R.C. 2929.04(A). Appellant entered a not guilty plea to the charges. Thereafter, appellant signed a written waiver of his right to a jury trial and elected to be tried by a three-judge panel of the Franklin County Court of Common Pleas. The trial court accepted appellant's waiver after questioning appellant about the waiver and informing him of the right to a jury trial.
 {¶ 3} On December 16, 2002, appellant entered guilty pleas to two charges of aggravated murder and the accompanying death penalty specifications. The three-judge panel accepted appellant's guilty pleas, found him guilty of the charges and specifications, and proceeded to a mitigation hearing to determine appellant's sentence. Following that hearing, the panel found that the State proved beyond a reasonable doubt that the aggravating circumstances greatly outweighed the mitigating factors. Accordingly, the panel sentenced appellant to death. Appellant appealed his convictions to the Supreme Court of Ohio. That court affirmed appellant's convictions and death sentence.State v. Turner, 105 Ohio St.3d 331, 2005-Ohio-1938.
 {¶ 4} While his appeal was pending before the Supreme Court of Ohio, appellant filed in the trial court a petition for post-conviction relief pursuant to R.C. 2953.21. Plaintiff-appellee, the State of Ohio, filed an answer to appellant's petition as well as a motion to dismiss. On September 22, 2004, the trial court granted the State's motion to dismiss appellant's petition without a hearing.
 {¶ 5} Appellant appeals, assigning the following error:
THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S POST-CONVICTION PETITION WHERE HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT A NEW TRIAL AND SENTENCING HEARING OR ALTERNATIVELY AN EVIDENTIARY HEARING AND DISCOVERY.
 {¶ 6} A post-conviction proceeding is a collateral civil attack on a criminal judgment, not an appeal of the judgment.State v. Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy
(Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. Post-conviction review is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute.State v. Calhoun (1999), 86 Ohio St.3d 279, 281. A post-conviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v.Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32;Murphy, supra. Nor does it entitle a petitioner to discovery to help establish grounds for relief. State v. Gulertekin (June 8, 2000), Franklin App. No. 99AP-900.
 {¶ 7} When a person files an R.C. 2953.21 petition, the trial court must grant a hearing unless it determines that the files and records of the case demonstrate the petitioner is not entitled to relief. R.C. 2953.21(E); State v. Jackson (1980),64 Ohio St.2d 107, 109-110 (petitioner for post-conviction relief not automatically entitled to a hearing). In making that determination, the trial court must consider the petition, supporting affidavits, files and records, including, but not limited to, the indictment, journal entries, clerk's records and transcript proceedings. R.C. 2953.21(C); State v. Combs (1994),100 Ohio App.3d 90, 97. To warrant an evidentiary hearing on a petition for post-conviction relief, a petitioner must first provide evidence that demonstrates substantive grounds for relief. Hessler, at ¶ 33. That evidence must demonstrate that the denial or infringement of the petitioner's rights renders the petitioner's conviction and sentence void or voidable under the Ohio and/or United States Constitutions. Id., citing State v.Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. If the petitioner does not submit evidentiary materials which facially demonstrate a constitutional violation, the court may deny the petition without a hearing; Jackson, supra, at 110;Hessler, supra, at ¶ 33. In reviewing whether the trial court errs in denying a petition for post-conviction relief without a hearing, the appellate court applies an abuse of discretion standard. State v. Campbell, Franklin App. No. 03AP-147,2003-Ohio-6305, at ¶ 14, quoting Calhoun, supra, at 284 (stating the post-conviction relief "`statute clearly calls for discretion in determining whether to grant a hearing'").
 {¶ 8} There are a number of reasons why a trial court may deny a petition for post-conviction relief without a hearing. The court may deny a petition without a hearing when it finds that the petition does not raise a constitutional issue. Perry,
supra, at paragraph four of the syllabus; Combs, supra, at 97. The trial court may also deny a petition for post-conviction relief without a hearing if it finds that the petition advances a constitutional claim, but that claim "was raised or could have been raised" during the original trial or in a subsequent appeal.Perry, supra, at paragraph nine of the (emphasis omitted). Those claims are barred by res judicata. Id. Normally, a constitutional claim such as ineffective assistance of counsel is based on evidence in the original trial record and is, therefore, barred on post-conviction. State v. Johnson (1986),24 Ohio St.3d 87, 88; Perry, supra, at paragraph seven of the syllabus. Moreover, claims that could have been raised based on evidence in the record are also barred by res judicata even though the petitioner may have presented some additional evidence outside the record. State v. Cole (1982), 2 Ohio St.3d 112, syllabus;Combs, supra, at 97.
 {¶ 9} Another type of evidence outside the record that is insufficient to support a post-conviction petition is evidence that fails to meet a minimum level of cogency. Id. at 98, citingCole, supra, at 115. Likewise, evidence outside the record in the form of petitioner's own self-serving affidavit alleging constitutional deprivation will not compel a hearing. State v.Kapper (1983), 5 Ohio St.3d 36, 37-38.
 {¶ 10} Even when the evidence passes the minimum threshold of showing a constitutional claim that was not and could not have been raised in the original trial or on an appeal, a trial court may still deny the petition without a hearing if the petitioner fails to demonstrate through the petition, supporting affidavits, and files and records, substantive grounds for relief. For example, if the evidence submitted is cumulative of, or alternative to, evidence presented at trial, the court may properly deny a hearing. Combs, supra, at 98, citing State v.Powell (1993), 90 Ohio App.3d 260, 270 (cumulative evidence);State v. Post (1987), 32 Ohio St.3d 380, 387-389 (existence of alternative theories will not show ineffective assistance of trial counsel).
 {¶ 11} In the case at bar, appellant presented 19 claims in support of his petition and amended petition for post-conviction relief. The trial court dismissed appellant's petition without a hearing. Accordingly, we must determine whether the trial court erred in concluding that appellant failed to demonstrate substantive grounds for relief.
 {¶ 12} In his first and second claims for relief, appellant argued that statements he made during police questioning shortly after the murders were not based on a knowing, voluntary and intelligent waiver of his constitutional right against self-incrimination. He further contended that he made these incriminating statements after his requests for counsel were ignored by police officers in violation of his right to counsel. The trial court dismissed these claims for relief without a hearing based on res judicata.
 {¶ 13} As previously noted, pursuant to the doctrine of res judicata, constitutional issues cannot be considered in post-conviction proceedings brought under R.C. 2953.21 when those issues were previously decided or those issues could have been raised by the petitioner, either before his conviction or on direct appeal from that conviction. Perry, supra, at paragraph seven of the syllabus; State v. Slagle (Aug. 10, 2000), Cuyahoga App. No. 76834. To avoid the res judicata bar, the evidence submitted with the petition must demonstrate that the petitioner could not have raised the constitutional claim based upon information in the original trial record. Combs, supra, at 97.
 {¶ 14} Here, the arguments advanced by appellant in his first and second claims for relief could have been raised by appellant in the trial court through a motion to suppress. Cf. Perry,
supra (res judicata barred claims in petition concerning illegality of search when issue not raised and litigated in trial court before conviction). A motion to suppress evidence on grounds that it was illegally obtained must be filed before trial. Crim.R. 12(C)(3). There is nothing in the record indicating that appellant could not have sought to suppress these statements before trial. All the relevant facts were known to appellant at that time. Additionally, appellant presented no evidence outside the record relating to these claims that would defeat the application of res judicata. Accordingly, res judicata bars appellant's first and second grounds for relief and the trial court properly dismissed them without a hearing.
 {¶ 15} For ease of analysis, we will address appellant's remaining claims for relief out of order. Appellant argues in his eighteenth claim for relief that he did not knowingly, voluntarily or intelligently waive his right to a jury trial and that the trial court's inquiry about his understanding of that right and the consequences of the waiver was insufficient. However, the Supreme Court of Ohio rejected this claim in appellant's direct appeal. That court held that appellant failed to show his waiver was not freely and intelligently made.Turner, at ¶ 28. Therefore, this claim is barred by res judicata.
 {¶ 16} Appellant attempts to avoid the application of res judicata to this claim by presenting evidence outside the record in the form of his own affidavit. However, the record reflects that the trial court questioned appellant about the waiver and appellant's desire to be tried by a three-judge panel. Appellant acknowledged signing the waiver. Appellant explained that he made the decision to waive his right to a jury trial after consulting with his attorney. Therefore, the record contains significant evidence relating to the voluntary nature of appellant's waiver. Although appellant's affidavit asserts facts outside the record, his affidavit lacks credibility because it conflicts in a number of respects with facts established in the record. The trial court did not err by dismissing appellant's eighteenth claim for relief without a hearing.
 {¶ 17} Appellant's remaining claims for relief all allege ineffective assistance of counsel. In a petition for post-conviction relief which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidence demonstrating that counsel's performance was deficient and that appellant was prejudiced by counsel's deficiencies.Jackson, supra, at syllabus. If the petitioner fails to meet this burden, the trial court may dismiss the petition without a hearing. State v. Mengistu, Franklin App. No. 03AP-1202,2004-Ohio-3596, at ¶ 9. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to require an evidentiary hearing. Jackson, at 111.
 {¶ 18} Preliminarily, we note that in order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052; accord State v. Bradley (1989),42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.
 {¶ 19} If appellant successfully proves that counsel's assistance was deficient, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, "a trial whose result is reliable." Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 20} In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v. Louisiana (1955),350 U.S. 91, 101, 76 S.Ct. 158.
 {¶ 21} A petition for post-conviction relief which alleges that the petitioner received ineffective assistance of counsel at trial is subject to dismissal on res judicata grounds where the petitioner had new counsel on direct appeal[1] and where the ineffective assistance of counsel claim could otherwise have been raised on direct appeal without resort to evidence outside the record. State v. Lentz (1994), 70 Ohio St.3d 527, 529-530, citing Cole, supra, at syllabus. Thus, the presentation of competent, relevant, and material evidence outside the record may defeat the application of res judicata. State v. Lawson (1995),103 Ohio App.3d 307, 315, citing State v. Smith (1985),17 Ohio St.3d 98. However, to overcome the res judicata bar, the evidence offered outside the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original trial record. Combs, supra.
 {¶ 22} With these standards in mind, we address appellant's claims of ineffective assistance of counsel. In his third and fourth claims for relief, appellant contends that his trial counsel was ineffective for failing to guarantee that he could withdraw his jury trial waiver and guilty plea if the three-judge panel imposed the death penalty. Appellant supports these claims with his daughter's affidavit and two other affidavits predating appellant's plea and subsequent appeal by more than ten years. Appellant also presented documents from an unrelated Franklin County criminal case, as well as another unrelated criminal case in Sandusky County, Ohio, which involved a plea agreement that permitted the defendant to withdraw his guilty plea if the trial court imposed a sentence different from that recommended by the state. Although appellant presents evidence outside the record, there is no reason why appellant could not have raised these claims based upon information in the original trial record (i.e., the circumstances surrounding his jury waiver and subsequent guilty plea). Because these claims could have been raised on direct appeal without resort to evidence outside the record, appellant's third and fourth claims for relief are barred by res judicata and the trial court did not err by dismissing those claims without a hearing.
 {¶ 23} In a number of his claims for relief, appellant contends that counsel was ineffective for failing to properly investigate and present available mitigating evidence. We first note that deciding what mitigating evidence to present is generally a matter of trial strategy. State v. Keith (1997),79 Ohio St.3d 514, 530. Also, as a general rule, ineffective assistance of counsel during the mitigation phase can be raised on direct appeal. State v. Issa (Dec. 21, 2001), Hamilton App. No. C-000793.
 {¶ 24} In his tenth claim for relief, appellant argues that counsel failed to properly investigate and prepare for the mitigation phase of his trial. Specifically, appellant submitted an affidavit from his daughter in which she states it is her impression that her father's defense was thrown together in the days before his mitigation hearing. Appellant also directs our attention to a letter his counsel wrote him one month before the hearing asking for names of witnesses they could call at his mitigation hearing. Although outside the record, this evidence does not demonstrate substantive grounds for relief. Neither exhibit demonstrated that trial counsel's investigation of appellant's background and preparation for the mitigation hearing was deficient.
 {¶ 25} Although appellant's daughter could testify about what she observed, she is not competent to express an opinion on trial counsel's preparation. Nor was she aware of everything trial counsel did to prepare for appellant's mitigation hearing. Therefore, her testimony has little relevance to an assessment of trial counsel's preparation. In fact, the record reflects that trial counsel investigated the case and called appropriate and helpful witnesses during the mitigation hearing. With respect to trial counsel's letter to appellant requesting the identity of potential mitigation witnesses, nothing in the letter indicates that this is all trial counsel did to obtain this information. Nor does appellant explain how the other exhibits identified in support of this claim demonstrate any deficiency by trial counsel. In fact, the record shows that trial counsel engaged the services of a defense investigator who investigated appellant's background. Trial counsel also enlisted the help of a psychologist who met with appellant five times for a total of 16 hours. Trial counsel conferred with witnesses and prepared an expert witness for the hearing. Appellant simply did not present sufficient operative facts to demonstrate that trial counsel was deficient in preparing for the mitigation phase of the trial. Accordingly, the trial court did not err when it dismissed appellant's tenth claim for relief without a hearing.
 {¶ 26} Appellant contends in his fifth claim for relief that counsel should have introduced evidence of his good behavior in the Franklin County Jail while awaiting trial on these charges. However, appellant has not submitted any records which reflect his behavior while incarcerated. The only evidence outside the record appellant offers to support this claim are his medical records from the Franklin County Corrections Center. These records do not demonstrate substantive grounds for relief. The records document his medical and mental health needs during his incarceration. These records include nurse and physician notes regarding appellant's depression, medical symptoms, drug prescriptions and diagnosis and treatments while incarcerated. The records also include the medical staff's professional observations of appellant and his medical and mental state. They do not, however, describe appellant's behavior while in prison, his interaction with other prisoners and staff of the prison, or his compliance with rules and regulations of the institute. Appellant simply did not present sufficient operative facts to demonstrate that trial counsel was deficient for failing to introduce these records. Additionally, in light of the substance of these records, we cannot say that the records appellant points to in support of this claim would have changed the result of the mitigation hearing. Strickland, supra, at 694. Accordingly, the trial court did not err when it dismissed appellant's fifth claim for relief without a hearing.
 {¶ 27} Appellant contends in his sixth claim for relief that counsel was ineffective for failing to investigate and present psychological and physiological mitigation evidence regarding the effects of low serotonin levels. Appellant's theory of mitigation relied heavily on his history of alcoholism and drug abuse. He claimed to have committed the murders while on a 72-hour binge of sleeplessness, and excessive alcohol and drug use. In this claim for relief, appellant alleged there was a connection between alcoholism and low serotonin levels, which led to his inability to control violent alcohol induced outbursts. Appellant further claimed that if counsel would have investigated this connection, appellant could have been tested to determine whether he suffered from low serotonin levels.
 {¶ 28} Although appellant's post-conviction petition raised a new mitigation theory, appellant did not demonstrate substantive grounds for relief. The potential existence of another mitigation theory does not indicate that trial counsel's performance was deficient. Appellant's trial counsel presented a meaningful concept of mitigation. That concept included testimony concerning his upbringing and, more significantly, his history of alcohol and drug dependency and his claim that he committed these acts while on a drug and alcohol binge. Trial counsel presented the testimony of Dr. Kristen Haskins, a psychologist who testified about appellant's history of substance abuse. The three-judge panel determined that appellant's substance dependency was a mitigating factor. The panel, however, chose to afford that factor little weight in its sentencing decision. Appellant's sixth claim for relief merely presents a new speculative theory of mitigation. When trial counsel presents a meaningful concept of mitigation, the existence of alternative or additional mitigation theories does not establish ineffective assistance of counsel. Combs, supra; Issa, supra. Because appellant's trial counsel presented a meaningful concept of mitigation at trial, counsel was not ineffective simply because another possible theory of mitigation existed. Post, supra, at 387-389 (existence of alternative theories will not show ineffective assistance of trial counsel). The evidence submitted by appellant failed to establish a substantive ground for relief. Therefore, the trial court properly dismissed appellant's sixth claim for relief without a hearing.
 {¶ 29} Appellant contends in his seventh, eighth, ninth, and fourteenth claims for relief that counsel was ineffective for failing to call four mitigation witnesses who would have testified that alcohol had a devastating effect on appellant's behavior. Appellant argues that his brother Edward Turner, his ex-wife Paula Cox, and two friends, Billy Harbor and Larry Hancock, would have testified about their firsthand experience with appellant's alcoholism. These individuals provided affidavits stating what their testimony would have included had they been called as witnesses.
 {¶ 30} Both appellant's brother and ex-wife were identified as potential witnesses on appellant's witness list submitted before the mitigation hearing. Neither of them, however, testified on appellant's behalf. It would appear that appellant's counsel made a tactical decision not to call these witnesses. Decisions regarding what witnesses to call falls within the purview of trial strategy and, absent prejudice, generally will not constitute ineffective assistance of counsel. Campbell,
supra, at ¶ 38. To show prejudice, appellant must show that there is a reasonable probability that the evidence would have swayed the three-judge panel to impose a life sentence rather than the death penalty. Id. A review of the witnesses' affidavits does not justify such a finding. Edward Turner's affidavit discussed appellant's use of alcohol but did not describe any negative consequences from his drinking. Also, his affidavit noted that appellant seemed obsessed with his ex-wife and wrote letters to her while they were separated even though he did not know where she lived. Thus, his testimony was not entirely helpful. Moreover, because Turner's testimony about appellant's drinking was largely cumulative of testimony offered by other witnesses, it was not likely to change the sentence imposed.
 {¶ 31} Similarly, Paula Cox's affidavit was not very helpful to appellant. She described appellant's history of drinking and his erratic and violent behavior when he drank, although she did not indicate when this conduct occurred. Her affidavit was not entirely helpful, however, as it demonstrated that appellant had a long history of violent behavior when drinking and chose not to address his violent temperament. Again, because this testimony is largely cumulative of testimony offered by other witnesses, we cannot say that her testimony would have altered the decision to impose a sentence of death.
 {¶ 32} The other two potential witnesses identified by appellant, Harbor and Hancock, were not listed on appellant's witness list. Their affidavits, however, failed to set forth sufficient operative facts demonstrating prejudice. Harbor's affidavit described appellant as a drinker but did not indicate that appellant was an alcoholic or even how much he drank. He also did not describe any violent acts which occurred due to appellant's drunkenness. Harbor also failed to state the time period involved when he observed appellant. Hancock's affidavit better described appellant's alcoholism and his erratic and violent behavior when drunk. However, the affidavit was not in all aspects helpful. It showed that appellant had a history of drunken, violent behavior and chose not to address this problem. Given the contents of these affidavits, we cannot say that the testimony from these two witnesses would have altered the decision to impose a sentence of death.
 {¶ 33} As we previously noted, a trial court may deny a post-conviction petition without a hearing when the evidence presented is merely cumulative or alternative to evidence presented at trial. Combs, supra, at 98; Powell, supra, at 270. The evidence upon which appellant relied for his seventh, eighth, ninth and fourteenth claims was largely cumulative of evidence that was submitted through appellant's mother, daughter and expert witness, Dr. Haskins. The impact that alcohol abuse had on appellant's life was addressed at length during the mitigation hearing by appellant's trial counsel. Accordingly, although appellant presented evidence outside the record, that evidence did not demonstrate that his trial counsel was deficient for failing to call these witnesses during the mitigation hearing. The trial court did not err by dismissing appellant's seventh, eighth, ninth and fourteenth claims for relief without a hearing.
 {¶ 34} Appellant alleged in his eleventh claim for relief that trial counsel was ineffective for failing to properly place before the panel evidence of appellant's alleged intoxication at the time of the murders. However, the evidence appellant presents outside the record does not demonstrate substantive grounds for relief on this issue. The relevant affidavit submitted by Dr. Robert Smith in support of this claim does not provide any additional evidence demonstrating appellant's alleged intoxication at the time of the murders. His affidavit only recounts appellant's own unsworn testimony of the events leading up to the murders. Additionally, the panel noted significant evidence demonstrating that these murders were not the result of an alcohol binge but were planned well in advance. Appellant planned his ex-wife's death for weeks, he announced his plan to others, he made a list of items he needed for the murder, and he obtained those items hours before the murders. The fact that appellant was intoxicated after the murders does not establish that he was intoxicated when he committed the murders. Moreover, at his mitigation hearing, appellant presented his own unsworn statement which described a 72-hour binge of sleeplessness and substance abuse. The panel, however, was not persuaded by appellant's statement. In light of the significant evidence of premeditation, we cannot say that the additional evidence appellant points to in his petition would have changed the result of the mitigation hearing. Strickland, supra, at 694. Accordingly, the trial court properly dismissed appellant's eleventh claim for relief without a hearing.
 {¶ 35} In his twelfth claim for relief, appellant argued that his expert witness was not qualified to provide expert testimony regarding substance dependence. Appellant's trial counsel presented the testimony of Dr. Kristen Haskins, a licensed psychologist, at his mitigation hearing. Dr. Haskins visited with appellant for more than 16 hours and testified that appellant was drug dependent and an alcoholic. Appellant claimed that Dr. Haskins did not have expertise in the diagnosis of alcohol dependency and presented an affidavit from Dr. Robert Smith, who appellant claimed is an expert on substance dependence. Dr. Smith opined in his affidavit that appellant's history of substance dependence directly contributed to the commission of the murders. However, as previously noted, a post-conviction claim does not demonstrate ineffective assistance of counsel merely because it presents a new expert opinion that is different from the theory used at trial. State v. Cornwell, Mahoning App. No. 00-CA-217, 2002-Ohio-5177, at ¶ 46. While Dr. Smith may have stronger qualifications than Dr. Haskins, Dr. Haskins was well-qualified to discuss substance abuse issues and placed appellant's drug and alcohol dependency before the panel for its consideration. For more than ten years, Dr. Haskins worked for NetCare, evaluating adults for drug dependency. She also has evaluated criminal defendants for mitigation hearings since 1985. Although appellant did present evidence outside the record, that evidence did not demonstrate that counsel was deficient for calling Dr. Haskins as an expert witness. Therefore, the trial court did not err by dismissing appellant's twelfth claim for relief without a hearing.
 {¶ 36} Appellant contends in his thirteenth claim for relief that counsel was ineffective for eliciting testimony from Dr. Haskins that appellant had a history of lying and exaggerating. In support, appellant presents evidence outside the record in the form of his medical and mental health records from the Franklin County Jail. This evidence, even though it is outside the record, does not demonstrate that he could not have appealed this claim based upon the information in the trial record. Lawson, supra, at 315. The alleged instance of ineffectiveness occurred on the record at appellant's mitigation hearing. Therefore, this claim could have been asserted in his direct appeal. Accordingly, res judicata bars this claim and the trial court did not err by dismissing appellant's thirteenth claim for relief without a hearing.
 {¶ 37} Appellant contends in his fifteenth and sixteenth claims for relief that his trial counsel was ineffective for failing to file a motion to suppress the statements he made to the police. Assuming that trial counsel was deficient for failing to file a motion to suppress these statements, appellant's argument that he was prejudiced by this failure is pure speculation. Appellant contended the Reynoldsburg Police Department would have dropped their opposition to a plea bargain if appellant's statements had been suppressed. Appellant offers no evidence beyond pure speculation to support this conclusion. Appellant presented no evidence indicating that the police department's objection to his plea bargain would have changed had his statements been suppressed. Mere speculation does not establish prejudice. State v. Murawski, Cuyahoga App. No. 70854, 2002-Ohio-3631, at ¶ 8. A defendant must demonstrate more than vague speculations of prejudice to show that counsel was ineffective. State v. Otte (1996), 74 Ohio St.3d 555, 565.
 {¶ 38} Appellant also contends that the prosecutor used his statements to establish his guilt. We disagree. Appellant admitted his guilt and entered a guilty plea. Therefore, the prosecutor did not use appellant's statements to establish his guilt. Moreover, the evidence of appellant's guilt, notwithstanding the statements appellant now argues should have been suppressed, was overwhelming. That evidence included other statements appellant made before and after the attack, including an admission to the murders, an eyewitness to the beginning of the murders, physical evidence, and a 911 telephone call Turner made as she and Seggerman were being attacked in which she identified "Mike" as her attacker and begged him to stop. Cf.State v. Colon, Summit App. No. 20949, 2002-Ohio-3985, at ¶ 52-54 (finding no ineffective assistance for failure to file motion to suppress where overwhelming evidence of guilt).
 {¶ 39} Because appellant failed to present sufficient operative facts to establish that his trial counsel were ineffective for failing to file a motion to suppress statements he made to the police or that he was prejudiced by this failure, the trial court did not err when it dismissed appellant's fifteenth and sixteenth claims for relief without a hearing.
 {¶ 40} Appellant contends in his seventeenth claim for relief that his trial counsel failed to ensure that he was fully informed of the consequences of his decision to waive a jury trial. Appellant's only relevant evidence outside the record to support this claim for relief is his own affidavit, in which he states that he would not have waived his right to a jury trial had his attorney fully explained the right he was waiving. Appellant's self-serving affidavit, standing alone, is insufficient to demonstrate a substantive claim for relief. As previously discussed, the trial court questioned appellant about the waiver and appellant's desire to be tried by a three-judge panel. The record reflects that appellant's jury waiver was knowing and voluntary. See State v. Scott-Hoover, Crawford App. No. 3-04-11, 2004-Ohio-4804, at ¶ 21; State v. Blackmon (July 16, 1997), Summit App. No. 18072 (res judicata may not be circumvented simply by presenting evidence not contained in the record). Additionally, the Supreme Court of Ohio rejected appellant's claim that his jury waiver was not voluntary, knowing, and intelligent. Turner, supra, at ¶ 27. The trial court did not err by dismissing appellant's seventeenth claim for relief without a hearing.
 {¶ 41} Finally, appellant contends in his nineteenth claim for relief that the cumulative effect of the errors and omissions in the first 18 claims for relief constitute cumulative error so as to warrant a new trial. Pursuant to the doctrine of cumulative error, a judgment may be reversed where the cumulative effect of errors deprives a defendant of his constitutional rights, even though the errors individually do not rise to the level of prejudicial error. State v. Garner (1995), 74 Ohio St.3d 49,64, certiorari denied (1996), 517 U.S. 1147, 116 S.Ct. 1444;State v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus. Because we have not found any instances of error in this case, the doctrine of cumulative error is inapplicable. The trial court did not err by dismissing appellant's nineteenth claim for relief without a hearing.
 {¶ 42} In conclusion, the trial court did not err when it dismissed appellant's petition for post-conviction relief without a hearing. Accordingly, appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Sadler and Christley, JJ., concur.
CHRISTLEY, J., retired, of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.
[1] Appellant's trial counsel were J. Tullis Rogers and Blaise Baker. W. Joseph Edwards and Todd Barstow represented him in his direct appeal to the Supreme Court of Ohio.