[Cite as *State v. Brown*, 2011-Ohio-6733.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    25710 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES D. BROWN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 2009 05 1600 |

DECISION AND JOURNAL ENTRY

Dated: December 28, 2011

---

BELFANCE, Presiding Judge.

{¶1}    James Brown appeals the trial court's denial of his petition for postconviction relief.  For the reasons set forth below, we affirm.

I.

{¶2}    Mr. Brown was charged with multiple counts of sexual abuse against A.W., the daughter of Mr. Brown's fiancée, Kimberly Truman.  Following a bench trial, he was convicted of four counts of rape, three counts of sexual battery, and four counts of corrupting another with drugs.  He appealed, and this Court affirmed his convictions but remanded to the trial court due to a merger issue. While that appeal was pending, Mr. Brown petitioned the trial court for postconviction relief.

{¶3}    Though Mr. Brown alleged multiple grounds for relief, the trial court determined that it only had jurisdiction to consider his claim that he received ineffective assistance of counsel because his trial attorney did not thoroughly interview certain witnesses and call them to

testify at trial. The trial court denied Mr. Brown's petition without a hearing, and he has appealed, raising a single assignment of error for review.

II.

ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT AN EVIDENTIARY HEARING FOLLOWING SUBMISSION OF WITNESS AFFIDAVITS THAT CONTAINED EVIDENCE DEHORS THE RECORD SUPPORTING THE ALLEGED VICTIM'S RECANTATION AND WHERE PETITIONER INTRODUCED AN EXPERT ATTORNEY'S OPINION THAT TRIAL COUNSEL WAS INEFFECTIVE AND THAT COUNSEL'S INEFFECTIVENESS PREJUDICED APPELLANT'S RIGHT TO A FAIR TRIAL."

{¶4} Mr. Brown argues that, because he produced sufficient operative facts to demonstrate that he received ineffective assistance of counsel, the trial court erred when it dismissed his petition for postconviction relief without a hearing. We disagree.

{¶5} To prevail on a claim for postconviction relief, the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A)(1)(a). Pursuant to R.C. 2953.21(C), before granting a hearing on the petition, the court "shall determine whether there are substantive grounds for relief." For this reason, a petitioner seeking postconviction relief pursuant to R.C. 2953.21 is not automatically entitled to an evidentiary hearing. Rather, "[i]n postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, at ¶51; *State v. Calhoun* (1999), 86 Ohio St.3d 279, 282 (referring to mandatory language contained in R.C. 2953.21(C)). Accordingly, "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not

demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Id. at paragraph two of the syllabus. See, also, *State v. Jackson* (1980), 64 Ohio St.2d 107, 111-12 ("It is only reasonable to require [a petitioner] to set forth, in his petition and accompanying affidavits and supporting materials, sufficient operative facts to satisfy his initial burden of proof[.]"). "[A] court reviewing the trial court's decision in regard to its gatekeeping function should apply an abuse-of-discretion standard." *Gondor* at ¶52; see, also, *Calhoun*, 86 Ohio St.3d at 286. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶6} Mr. Brown contends that he received ineffective assistance of counsel because his lawyers failed to interview and ultimately call as witnesses, Mr. Buckner and Ms. Brown. Ms. Brown is Mr. Brown's daughter, and Mr. Buckner is A.W.'s boyfriend.

{¶7} In support of his petition, Mr. Brown submitted affidavits from A.W., Ms. Truman, Ms. Brown, and Mr. Buckner. In addition, Mr. Brown submitted an affidavit from Jerome Milano, an attorney who opined that Mr. Brown had been denied the effective assistance of counsel.

{¶8} A.W. initially reported that Mr. Brown had sexually abused her on numerous occasions and that he had given her alcohol and marijuana. During the bench trial of this matter, A.W recanted and told the trial court that she had fabricated the allegations because she was angry at her mother and Mr. Brown for disciplining her. In addition, she stated that she was attempting to avoid being separated from her boyfriend and sent away to boarding school. Ms. Truman testified that she had discovered A.W.'s fabrication of the sexual abuse by eavesdropping on a phone call between A.W. and her boyfriend, Mr. Buckner. In assessing A.W.'s testimony, the trial court also heard evidence that A.W. had been pressured by her

mother to recant her allegations, and that A.W.'s relatives took A.W. to report this to police. The trial court also considered evidence after the disclosure of the sexual abuse, while at the CARE center, Ms. Truman disclosed that she had suspicions about Mr. Brown. Finally, the trial court considered evidence that when A.W. initially disclosed, she told police that some of the sexual conduct had occurred in Mr. Brown's car and she suggested that police might find evidence of Mr. Brown's semen in the car. At that time, Ms. Truman stated that she had never had sexual relations with Mr. Brown in the car. The police searched the vehicle and the evidence indicated that the semen found in the vehicle was Mr. Brown's. At trial, Ms. Truman, contrary to her initial statement, testified that she previously had sexual relations in the car with Mr. Brown. Ultimately, the trial court did not find A.W.'s recantation to be credible.

{¶9} In support of his petition for postconviction relief, Mr. Brown attached affidavits of A.W. and Ms. Truman. In her affidavit, A.W. averred that she had falsely accused Mr. Brown and that Ms. Truman had discovered her deception by eavesdropping on a phone call between A.W. and Mr. Buckner. Ms. Truman averred in her affidavit that A.W. repeatedly recanted the allegations to her and that Mr. Brown's counsel told her he refused to subpoena Ms. Brown, because he did not want to drive to personally serve her.

{¶10} Ms. Brown averred that she had never observed Mr. Brown behave inappropriately with A.W. She also averred that she had seen Mr. Brown chase A.W. down the street when A.W. attempted to run away and that A.W. had yelled that she was "'going to ruin his (sic) life[.]'" According to Ms. Brown's affidavit, she spoke with one of Mr. Brown's attorneys about her potential testimony but only for "no more than three minutes[.]" In Mr. Buckner's affidavit, he averred that he did speak with A.W. on the phone and that she told him

that she had made up all the charges. He also stated that he only spoke with Mr. Brown's attorneys for five minutes on the first day of trial.

{¶11} In evaluating a claim alleging ineffective assistance of counsel, Mr. Brown was required to set sufficient operative facts to "show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007–Ohio–4836, at ¶62, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687–688, 694. At its core, "this requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial[.]" *Gondor* at ¶61, citing *Strickland*, 466 U.S. at 687.

{¶12} With respect to the first requirement, the trial court found that Mr. Brown could not establish deficient performance because the decision whether to call a particular witness is a matter of trial strategy. However, we disagree with the trial court's reasoning on this point. An attorney has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. When a decision not to investigate or a mere cursory investigation is made by an attorney, that decision must be "directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id*. Thus, if counsel fails to diligently examine potential witnesses, it does not follow that a "strategic" decision can take place, as there is essentially nothing to evaluate. See, e.g, *English v. Romanowski* (C.A. 6, 2010), 602 F.3d 714, 728-279 (concluding that defendant's counsel was deficient for failing to investigate witness because "[c]ounsel simply had no reason to believe that an investigation was unnecessary"); *Ramonez v. Berghuis* (C.A. 6, 2007), 490 F.3d 482, 488 ("[T]he investigation leading to the choice of a so-

called trial strategy must itself have been reasonably conducted lest the 'strategic' choice erected upon it rest on a rotten foundation.")

{¶13} Assuming without deciding that Mr. Brown's counsel's failure to more fully investigate the potential testimony of Ms. Brown and Mr. Buckner fell below a reasonable standard of representation, Mr. Brown was also required to allege sufficient operative facts that there was "a reasonable probability that but for [his] counsel's errors, the proceeding's result would have been different." *Mundt* at ¶62. The premise underlying Mr. Brown's claim of prejudice is that the there is a reasonable probability that the outcome of the trial would have been different if Ms. Brown and Mr. Buckner had testified. In this regard, we note that the excluded evidence would have potentially corroborated the trial testimony. Mr. Buckner's testimony would have corroborated Ms. Truman's and A.W.'s testimony about the telephone conversation. Ms. Brown's affidavit testimony is ambiguous. It could have been viewed as corroborating A.W.'s assertion that she was angry with Mr. Brown for disciplining her and that she was motivated to fabricate the allegations. However, Ms. Brown's affidavit testimony could also be viewed as a threat by A.W. that she would disclose the sexual abuse.

{¶14} In light of the record before us, we are not persuaded that Mr. Brown alleged sufficient operative facts to establish a reasonable probability that the outcome of the trial would have been different had Mr. Buckner and Ms. Brown testified. *State v. Turner*, 10th Dist. No. 04AP-1143, 2006-Ohio-761, at ¶33 ("[A] trial court may deny a post-conviction petition without a hearing when the evidence presented is merely cumulative or alternative to evidence presented at trial."). Accordingly, we cannot say that the trial court abused its discretion in failing to conduct a hearing upon Mr. Brown's claim for postconviction relief.

{¶15} Mr. Brown's assignment of error is overruled.

III.

**{¶16}** Mr. Brown's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS

MOORE, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

DAVID C. SHELDON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.