[Cite as *State v. Thomas*, 2013-Ohio-2078.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

    v.

D'ANDRE R. THOMAS

    Appellant

C.A. No.      26699

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CR 04 06 2145

DECISION AND JOURNAL ENTRY

Dated: May 22, 2013

CARR, Judge.

{¶1} Appellant, D'Andre Thomas, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} In 2005, Thomas pleaded guilty to one count of aggravated robbery with a firearm specification, and one count of felonious assault with a firearm specification. The trial court sentenced Thomas to a total of six years imprisonment. Thomas was also sentenced to an indefinite term of post-release control to be determined by the parole board. Thomas served his prison sentence and was released from prison in 2011. Subsequently, on August 17, 2012, Thomas filed a motion to vacate post-release control. On September 27, 2012, the trial court denied the motion. Thomas filed a timely notice of appeal.

{¶3} On appeal, Thomas raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE SUMMIT COUNTY COURT OF COMMON PLEAS ERRED IN DENYING MR. THOMAS'S MOTION TO VACATE HIS POST-RELEASE CONTROL BECAUSE (A) THAT CONTROL, WHICH CONTINUES TO THIS DAY, WAS IMPOSED IN VIOLATION OF STATE LAW, AND (B) THE TRIAL COURTS RETAIN JURISDICTION OVER SUCH CONTROL UNTIL IT HAS EXPIRED.

{¶4} In his sole assignment of error, Thomas argues the trial court erred in denying his motion to vacate post-release control. In its merit brief, the State concedes that post-release control was not properly imposed in this case, and that the trial court cannot correct the error at this juncture because Thomas has already completed his prison sentence.

{¶5} The Supreme Court of Ohio has held that "[a] sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus. The Supreme Court has explained that "*Fischer* applies to every criminal conviction, including a collateral attack on a void sentence[.]" *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 11.

{¶6} In this case, Thomas was convicted of aggravated robbery pursuant to R.C. 2911.01(A)(1)/(A)(3), a felony of the first degree. Therefore, Thomas was subject to a mandatory five-year term of post-release control. R.C. 2967.28(B)(1). The State has conceded that Thomas was not properly sentenced to post-release control in accord with the statutory mandate, and the June 2, 2005 sentencing entry merely states, "After release from prison, the Defendant is ordered subject to post-release control to the extent the parole board may determine as provided by law." Because the trial court did not impose post-release control in accordance

with the terms set forth in R.C. 2967.28(B), that portion of the sentencing entry is void. *Fischer* at paragraph one of the syllabus.

{¶7} It follows that the trial court erred in denying the motion to vacate post-release control that Thomas filed after he was released from prison. While the lawful elements of Thomas' sentence remained in place during the time he was serving his term of incarceration, the sentence was void in specific regard to post-release control. *Fischer*, paragraphs one and three of the syllabus. Once a defendant is released from prison, the interest in finality takes hold and the trial court does not have authority to correct a post-release control error. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 70. Because the trial court did not properly impose post-release control at the time Thomas was sentenced, and it failed to correct the problem before he was released from prison, we conclude that Thomas was not subject to post-release control following his release from prison. *State v. Baker*, 9th Dist. No. 26411, 2012-Ohio-5645, ¶ 4-5, citing *Billiter* at ¶ 11-12. This Court, therefore, remands this matter to the trial court to vacate the portion to the 2005 sentencing entry that attempted to impose post-release control. The trial court is also instructed to note on the record that, because Thomas has completed his prison sentence, he will not be subject to resentencing pursuant to law.

{¶8} Thomas' assignment of error is sustained.

III.

{¶9} Thomas' assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

DENNIS G. TEREZ, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.