**[Cite as *State v. Hach*, 2014-Ohio-909.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27019 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS R. HACH | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 1999 03 0439 |

DECISION AND JOURNAL ENTRY

Dated: March 12, 2014

HENSAL, Judge.

{¶1} Thomas Hach appeals his sentence for rape and gross sexual imposition from the Summit County Court of Common Pleas. For the following reasons, we vacate the trial court's sentencing entry in part.

I.

{¶2} In 1999, a jury found Mr. Hach guilty of multiple counts of rape and gross sexual imposition. In its sentencing entry, the court wrote that, after Mr. Hach is released from prison, he "is ordered subject to five (5) years post-release control to the extent the parole board may determine * * *." The court also found that Mr. Hach is a sexual predator, subject to community notification under Revised Code 2950.01. A week later, the court amended the entry to indicate that the charges that Mr. Hach had not been convicted of had been dismissed. This Court upheld his convictions on appeal.

{¶3} In 2003, Mr. Hach moved for post-conviction relief, but the trial court denied his motion. In 2011, he moved for resentencing, arguing that the court's sentencing entry did not comply with Criminal Rule 32(C) because it did not provide the manner of conviction. In response, the trial court issued a nunc pro tunc entry, clarifying that Mr. Hach had been found guilty of the offenses after a jury trial.

{¶4} In February 2013, Mr. Hach moved the trial court to issue one document that incorporated all of the changes that it had made to the original sentencing entry. The trial court denied his motion. Mr. Hach attempted to appeal its order, but this Court dismissed the appeal, concluding that the order was not appealable because it did not affect a substantial right. On June 21, 2013, the trial court, apparently, reconsidered its decision on Mr. Hach's motion and reissued a sentencing entry that incorporated all of its previous sentencing-related journal entries. Mr. Hach has appealed, assigning as error that the trial court incorrectly imposed post-release control when it reissued its sentencing entry.

II.

THE TRIAL COURT IMPROPERLY IMPOSED POST-RELEASE CONTROL WITHOUT THE DEFENDANT BEING PRESENT, IN VIOLATION OF R.C. § 2929.191, R.C. § 2929.19(A), CRIM. R. 43.

{¶5} Mr. Hach argues that it was improper for the trial court to impose post-release control for the first time when it reissued its sentencing entry in June 2013. According to him, under Revised Code 2929.191, he was entitled to be present when the court imposed post-release control.

{¶6} Mr. Hach is incorrect that the trial court attempted to impose post-release control for the first time when it reissued its sentencing entry. The court's original sentencing entry contained the same post-release control language as its June 2013 entry.

**{¶7}** Although the trial court did not impose post-release control for the first time in its 2013 sentencing entry, the State admits that the post-release control part of the court's judgment is void because the court used the incorrect language. Mr. Hach's rape convictions were felonies of the first degree. Under Section 2967.28(B)(1):

> Each sentence to a prison term for a felony of the first degree, * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * [The] period of post-release control * * * shall be[,] * * * [f]or a felony of the first degree[,] * * * five years[.]

In this case, the original and reissued sentencing entries indicate that Mr. Hach will be subject to five years of post-release control "to the extent the parole board may determine as provided by law." Under Section 2967.28(B)(1), however, the parole board has no discretion regarding the length of Mr. Hach's post-release control. "Because the trial court did not impose post-release control in accordance with the terms set forth in R.C. 2967.28(B), that portion of the sentencing entry is void." *State v. Thomas*, 9th Dist. Summit No. 26699, 2013-Ohio-2078, ¶ 6. Mr. Hach, therefore, is entitled to a new sentencing hearing, which is limited to the proper imposition of post-release control. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph two of the syllabus.[1]

### III.

**{¶8}** Mr. Hach's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is vacated in part, and this matter is remanded for further proceedings in accordance with this decision.

---

[1] The parties have not addressed whether the trial court had authority to reissue its sentencing entry in full in 2013. We need not address the issue at this time because, regardless of whether the reissued entry was a final order or judgment from which Mr. Hach may appeal, this Court has inherent power to vacate the part of a sentence that improperly imposes post-release control. *State v. Leasure*, 9th Dist. Summit No. 25682, 2011-Ohio-3666, ¶ 11.

Judgment vacated in part,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶9}    I agree that this matter must be remanded for a new sentencing hearing limited to the proper imposition of post-release control. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph two of the syllabus. I write separately to clarify what I believe to be the

proper classification and treatment of the sentencing entry the trial court issued on June 21, 2013, in this matter.

{¶10} The trial court originally sentenced Hach on August 27, 1999, but several clerical errors in the court's sentencing entry led to the issuance of nunc pro tunc entries on August 27, 1999, September 17, 1999, and May 10, 2011. All of those entries were either labeled nunc pro tunc entries or specifically indicated that they were amending a particular portion of Hach's original sentencing entry. When the court issued its June 21, 2013 judgment entry, however, it did not label the entry as a nunc pro tunc entry or specifically indicate the reason for the entry. The entry simply set forth Hach's sentence in its entirety and incorporated all of the corrections that had been made in the prior nunc pro tunc entries. Hach has now appealed from that entry, and the issue is how best to construe it.

{¶11} "A trial court has specific limited jurisdiction to enter a corrected entry, but not to enter a new sentencing entry unless directed to do so after appeal. [Thus,] [t]he trial court's judgment entry must either be treated as a nunc pro tunc entry or a complete nullity because the court lacked jurisdiction to enter a new judgment." *State v. Bates*, 5th Dist. Guernsey Nos. 2012-CA-06 & 2012-CA-10, 2012-Ohio-4360, ¶ 38. I would construe the trial court's judgment entry as a nunc pro tunc entry, as it simply set forth all of the previous nunc pro tunc corrections to Hach's sentence in a single judgment entry. *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 19 (Crim.R. 32(C) elements comprising a final judgment must be contained in "a single document"). Because a defendant is entitled to a sentencing entry that complies with Crim.R. 32(C), the trial court did not lack jurisdiction to issue the June 21, 2013 judgment entry. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 16. Nevertheless, "[a] nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical

omission in a final judgment entry is not a new final order from which a new appeal may be taken." *Id.* at paragraph two of the syllabus. Thus, while the trial court had jurisdiction to issue the June 21, 2013 entry, the entry was not one Hach could challenge as voidable on appeal. *See id.* The only remaining question is whether this Court has jurisdiction over the appeal insofar as the court's judgment entry contains a post-release control error.

{¶12} This Court has the inherent authority to vacate a void judgment, regardless of whether a final, appealable order exists. *State v. Bedford*, 9th Dist. Summit No. 24431, 2009-Ohio-3972, ¶ 12. I agree that, "[b]ecause the trial court did not impose post-release control in accordance with the terms set forth in R.C. 2967.28(B), that portion of the sentencing entry is void." *State v. Thomas*, 9th Dist. Summit No. 26699, 2013-Ohio-2078, ¶ 6. It is, therefore, appropriate for this Court to vacate that portion of the court's June 21, 2013 entry and remand this matter for a new sentencing hearing limited to the proper imposition of post-release control. *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at paragraph two of the syllabus.

BELFANCE, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶13} Because I would conclude that the trial court did not have the authority to issue a new sentencing entry in 2013, I would conclude that the entirety of the 2013 sentencing entry should be vacated and the matter remanded to correct the improper imposition of post-release control in the 1999 sentencing entry.

{¶14} This Court has repeatedly concluded that the 1999 sentencing entry was a final, appealable order. *See State v. Hach,* 9th Dist. Summit No. 26934; *State v. Hach,* 9th Dist. Summit No. 26173, 2012-Ohio-2603, ¶ 8; *State v. Hach,* 9th Dist. Summit No. 19772, 2001 WL 7381 (Jan. 3, 2001) (implicitly concluding the entry was final by deciding the merits of the

appeal).  There is nothing in the 2013 entry which would indicate it was intended as a nunc pro tunc entry, nor is there any indication that the trial court believed it was correcting a void sentence in issuing the 2013 entry.  *See State v. Miller,* 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 14 ("[A] trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed and (2) when the judgment contains a clerical error.").  In fact, it does not appear that the 2013 sentencing entry alters Mr. Hach's sentence in any substantive manner.  Thus, I would conclude there was no authority for the trial court to reissue its sentencing entry in this case and I would vacate that entry in its entirety.  *See id.*  Nonetheless, I agree that the improper imposition of post-release control in the 1999 sentencing entry should be corrected by the trial court.  Accordingly, I concur in part and dissent in part in the majority's judgment.

APPEARANCES:

THOMAS R. HACH, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.