[Cite as *State v. Hach*, 2014-Ohio-5113.]

STATE OF OHIO          )                       IN THE COURT OF APPEALS
                            )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27409 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS HACH | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 99 03 0439 |

DECISION AND JOURNAL ENTRY

Dated: November 19, 2014

CARR, Judge.

{¶1} Appellant, Thomas Hach, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} After a jury trial in 1999, Hach was convicted of numerous counts of rape and gross sexual imposition. Hach's convictions were affirmed on direct appeal. *State v. Hach*, 9th Dist. Summit No. 19772, 2001 WL 7381 (Jan. 3, 2001). Over the years, the trial court issued numerous nunc pro tunc entries to correct clerical errors in the initial sentencing entry. In 2013, Hach asked the trial court to issue a journal entry that integrated all of the changes that had been made since the journalization of the initial sentencing entry. After initially denying Hach's request, the trial court reissued a sentencing entry on June 21, 2013. Hach filed an appeal and argued that the trial court failed to properly impose post-release control in the sentencing entry. This Court determined that the post-release control portion of the sentencing entry was void due

to the fact that the trial court mistakenly indicated that the five-year term was discretionary. *State v. Hach*, 9th Dist. Summit No. 27019, 2014-Ohio-909, ¶ 7. This Court concluded that Hach was "entitled to a new sentencing hearing, which is limited to the proper imposition of post-release control." *Id*.

{¶3} On remand, Hach filed a motion to be conveyed back to the Summit County Jail so that he could appear for the resentencing hearing. The State filed a memorandum in which it stated that it did not oppose Hach's motion for conveyance, but emphasized that the scope of the hearing was limited to the proper imposition of post-release control. On May 9, 2014, the trial court issued a journal entry setting the matter for a video conference resentencing on May 22, 2014. The trial court subsequently issued a journal entry formally denying Hach's motion to be conveyed to Summit County. The trial court proceeded with the scheduled video conference resentencing and imposed a mandatory five-year term of post-release control pursuant to law.

{¶4} Hach filed a timely notice of appeal and raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

DEFENDANT-APPELLANT WAS IMPROPERLY SENTENCED, WITHOUT HIS PRESENCE IN THE COURTROOM, OVER HIS OBJECTION, RESULTING IN THE DENIAL OF HIS CONSTITUTIONAL RIGHT TO BE PRESENT AT ALL PROCEEDINGS PURSUANT TO CRIMINAL R. 43., AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶5} In his first assignment of error, Hach contends that by requiring him to participate in the post-release control hearing by video conference, the trial court denied him his right to be present at all critical stages of the proceedings guaranteed by the Sixth Amendment to the United States Constitution and Crim.R. 43. This Court disagrees.

{**¶6**}    A criminal defendant has a fundamental right to be present at all critical stages of his trial.  *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 100; Sixth and Fourteenth Amendments to the United States Constitution; Article I, Section 10 of the Ohio Constitution.  A criminal defendant's absence, however, "does not necessarily result in prejudicial or constitutional error."  *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 90.  Likewise, Crim.R. 43(A) requires a waiver of a defendant's right to be physically present in a felony proceeding before a court may permit the defendant's participation by video conference.  *State v. Dudas*, 11th Dist. Lake No. 2011-L-093, 2012-Ohio-2121, ¶ 25.  Though multiple courts have held that a trial court errs by holding a video conference resentencing without first obtaining a waiver, these courts have also concluded that such error is harmless without a showing of prejudice.  *Dudas* at ¶ 25, citing *State v. Morton*, 10th Dist. Franklin No. 10AP-562, 2011-Ohio-1488, ¶ 13-14, 18; *State v. Steimle*, 8th Dist. Cuyahoga No. 95076, 2011-Ohio-1071, ¶ 16-17.

{**¶7**}    In this case, Hach has not shown that he was prejudiced by appearing at the post-release control hearing via video conference.  As this Court stated in Hach's previous appeal, the scope of the hearing on remand was "limited to the proper imposition of post-release control."  *Hach*, 2014-Ohio-909, at ¶ 7.  The trial court did not have discretion to impose anything other than a mandatory five-year term of post-release control.  R.C. 2967.28(B)(1).  Defense counsel noted on the record at the hearing that Hach generally objected to the proceedings.  However, given that the trial court did nothing other than correct the error in the imposition of post-release control, it is difficult to envision a scenario where the outcome would have been different if Hach had been permitted to physically appear at the hearing.  It follows that any error committed by the trial court in conducting the post-release control hearing without obtaining a waiver was harmless.

{¶8} The first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

DEFENDANT-APPELLANT WAS IMPROPERLY SENTENCED TO CONSECUTIVE SENTENCES, AND WAS SUBJECTED TO DOUBLE JEOPARDY WHEN HE WAS SENTENCED FOR ALLIED OFFENSES AND THE COURT FAILED TO INCLUDE THE DETERMINATION AS TO WHETHER THE MULTIPLE UNDIFFERENTIATED COUNTS CONSTITUTED "ALLIED OFFENSES" AND THUS MANDATED DOUBLE JEOPARDY PROTECTIONS.

{¶9} In his second assignment of error, Hach raises multiple issues pertaining to his underlying convictions and sentence. As noted above, the scope of our remand in Hach's previous appeal, *Hach*, 2014-Ohio-909, was limited to the proper imposition of post-release control. The trial court was without authority to address the issues Hach raises in his second assignment of error as they are unrelated to the imposition of post-release control. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph two of the syllabus. Moreover, the Supreme Court of Ohio has held that "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." *Fischer* at paragraph four of the syllabus. Consequently, Hach is now barred from raising issues unrelated to the imposition of post-release control under the doctrine of res judicata. *Id*. The second assignment of error is overruled.

III.

{¶10} Hach's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

THOMAS HACH, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.