[Cite as *State v. Smith*, 2016-Ohio-4688.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

HENRY SMITH, JR.

    Appellant

C.A. No.    15CA010778

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    02CR060895

DECISION AND JOURNAL ENTRY

Dated: June 30, 2016

MOORE, Judge.

{¶1}     Defendant-Appellant Henry Smith, Jr. appeals from the judgment of the Lorain County Court of Common Pleas which denied his motion to vacate postrelease control and terminate his supervision.  We reverse.

I.

{¶2}     In 2002, Mr. Smith was indicted on multiple drug-related charges, including several first-degree felonies.  The indictment was later supplemented with additional charges.  Mr. Smith ultimately pleaded guilty to the indictment and, in 2004, was sentenced to an aggregate term of 11 years in prison.  In 2009, Mr. Smith filed a motion for "sentencing" in which he challenged the trial court's failure to provide a postrelease control notification for each of his convictions.  The trial court denied his motion, and Mr. Smith's appeal was subsequently dismissed.  *See State v. Smith,* 9th Dist. Lorain No. 09CA009587 (Aug. 13, 2009).  Mr. Smith was released from prison in 2013 and was placed on 5 years of postrelease control.

**{¶3}** In 2015, Mr. Smith filed a motion to vacate post-release control and terminate his supervision. He argued that the trial court's 2004 sentencing entry failed to impose a specific term of postrelease control and used improper discretionary language, and thus, rendered that portion of his sentence void. Mr. Smith further asserted that his sentence could not be corrected through resentencing because he had completed his prison term. The State opposed the motion and maintained that, pursuant to *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, because Mr. Smith was properly informed of postrelease control at the sentencing hearing, and the sentencing entry mentioned postrelease control, the trial court could remedy the defect in the sentencing entry via a nunc pro tunc entry even though Mr. Smith had already completed his prison sentence.

**{¶4}** The trial court, thereafter, issued a nunc pro tunc entry to correct the postrelease control deficiency in the sentencing entry. Subsequently, the trial court also issued an entry denying Mr. Smith's motion to vacate postrelease control and terminate his supervision.

**{¶5}** Mr. Smith has appealed, raising a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ISSUED A NUNC PRO TUNC ENTRY AND DENIED HENRY SMITH JR.'S MOTION TO VACATE AND TERMINATE POSTRELEASE CONTROL.

**{¶6}** Mr. Smith argues in his sole assignment of error that the trial court erred in denying his motion to vacate postrelease control and terminate his supervision.

**{¶7}** "[A] trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *Qualls,*

131 Ohio St.3d 499, 2012-Ohio-1111, at ¶ 18; *see also State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, ¶ 69 (concluding that the trial court is required to notify the defendant of the mandatory nature of postrelease control as well as the length of that term). Further, "a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing." *Qualls* at ¶ 19. "[W]hen a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence, that part of the sentence is void and must be set aside." *State v. Taylor,* 9th Dist. Lorain No. 14CA010583, 2015-Ohio-2194, ¶ 9, quoting *State v. Keyes*, 9th Dist. Lorain No. 14CA010561, 2015-Ohio-1757, ¶ 10, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26. Such a sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 7, quoting *Fischer* at paragraph one of the syllabus.

{¶8} Because Mr. Smith was convicted of multiple first-degree felonies, he was subject to a mandatory term of 5 years of postrelease control upon his release from prison. *See* R.C. 2967.28(B). At the sentencing hearing, Mr. Smith was notified of the term of, and the consequences for violating, postrelease control. Mr. Smith does not contest this. However, the section in the 2004 sentencing entry concerning postrelease control was not completed by the trial court. We have previously concluded similar sentencings entries with similar problems did not comport with the post-release control statute. *See, e.g., Taylor* at ¶ 7-8.

{¶9} The State does not dispute that the postrelease control portion of Mr. Smith's sentencing entry is void. Instead, the State maintains that, because Mr. Smith was correctly notified about postrelease control at the sentencing hearing, and the sentencing entry mentions postrelease control, the trial court could remedy the defect via a nunc pro tunc entry even though

Mr. Smith had been already released from prison. We do not agree with the State's reading of *Qualls*.

**{¶10}** *Qualls* does hold that, "when a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing." *Id.* at ¶ 30. Such language would obviously support the State's position. However, the Supreme Court also stated that, "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed." *Id.* at ¶ 16. Later in *Qualls,* the Ohio Supreme Court also concludes that, "when the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the flaw. The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, *as long as the correction is accomplished prior to the defendant's completion of his prison term.*" (Emphasis added.) *Id.* at ¶ 24.

**{¶11}** Here, there was no correction issued prior to Mr. Smith's release from prison. Accordingly, a nunc pro tunc entry could not be used to remedy the defect in the sentencing entry. *See id.* Other appellate courts have shared this view. *See State v. Bundy,* 7th Dist. Mahoning No. 12 MA 86, 2013-Ohio-2501, ¶ 11-12, 30 (concluding that nunc pro tunc entry could not be used to correct defect in sentencing entry after defendant was released from prison even though sentencing hearing contained correct advisement); *State v. Huber,* 2d Dist. Clark No. 2013 CA 16, 2014-Ohio-2095, ¶ 9-11; *State v. Elliott,* 8th Dist. Cuyahoga No. 100404,

2014-Ohio-2062, ¶ 12; *State v. Duncan,* 1st Dist. Hamilton No. C-120324, 2013-Ohio-381, ¶ 15-16; *but see State v. Chasteen,* 12th Dist. Butler No. CA2012-12-247, 2013-Ohio-3573, ¶ 30 and *State v. Murray,* 6th Dist. Lucas No. L-10-1059, 2012-Ohio-4996, ¶ 23. Thus, we agree with Mr. Smith that he could not be subject to postrelease control under the circumstances of this case. "This Court, therefore, remands this matter to the trial court to vacate the portion [of the] sentencing entry that attempted to impose post-release control." *Taylor,* 2015-Ohio-2194, at ¶ 10, quoting *Keyes,* 2015-Ohio-1757, at ¶ 14, quoting *State v. Thomas*, 9th Dist. Summit No. 26699, 2013-Ohio-2078, ¶ 7. Likewise, we vacate the nunc pro tunc entry as well.

{¶12} Mr. Smith's assignment of error is sustained.

III.

{¶13} The judgment of the Lorain County Court of Common Pleas is reversed and this matter is remanded for the trial court to vacate Mr. Smith's term of postrelease control.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
CANNON, J.
CONCUR.

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

KATHERINE R. ROSS-KINZIE, Assistant State Public Defender, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.