[Cite as *State v. Thomas*, 2016-Ohio-5507.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO  C.A. No. 27698

    Appellee

    v.  APPEAL FROM JUDGMENT
ENTERED IN THE
RANDY A. THOMAS  COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
    Appellant  CASE No. CR 13 07 2069

DECISION AND JOURNAL ENTRY

Dated: August 24, 2016

WHITMORE, Judge.

**{¶1}** Defendant-Appellant, Randy Thomas, now appeals from the judgment of the Summit County Court of Common Pleas, denying his petition for post-conviction relief. This Court affirms in part and reverses in part.

I

**{¶2}** This case stems from an altercation that occurred between Thomas and Anthony Smith, the victim in this matter. According to Thomas, he and Smith agreed to a fist fight after exchanging verbal remarks. It was Thomas' testimony that, after he threw the first punch, Smith pulled out a gun. According to Thomas, he wrestled the gun from Smith and shot Smith multiple times because he started coming toward Thomas again. Smith died as a result of his gunshot wounds.

**{¶3}** A grand jury indicted Thomas on one count of aggravated murder and one firearm specification. At trial, Thomas took the stand and argued self-defense. Although the jurors

ultimately rejected his defense, they did not find him guilty of aggravated murder. Instead, the jury found him guilty of the lesser-included offense of murder and the attendant firearm specification. The court sentenced Thomas to 18 years to life in prison on those charges, and this Court affirmed its judgment on direct appeal. *See State v. Thomas*, 9th Dist. Summit No. 27266, 2015-Ohio-2935.

{¶4} While Thomas' direct appeal was pending, he filed a petition for post-conviction relief on numerous grounds. The State then filed a motion to dismiss the petition, and Thomas filed a reply. The trial court reviewed the written filings and determined that the petition did not warrant a hearing or an opportunity for discovery. Consequently, it denied the petition on all grounds.

{¶5} Thomas now appeals from the trial court's denial of his petition for post-conviction relief and raises eight assignments of error for our review. For ease of analysis, we rearrange and consolidate several of the assignments of error.

II

Assignment of Error Number Five

THOMAS WAS DENIED HIS RIGHT TO A PUBLIC TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION AND ART. I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶6} In his fifth assignment of error, Thomas argues that he was entitled to post-conviction relief because he was denied his constitutional rights to a public trial. Specifically, he argues that his rights to a public trial were violated when the judge who presided over his trial failed to receive and answer a jury question in open court, in the presence of Thomas and his counsel.

{¶7} "The Sixth Amendment to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution guarantee the right to a public trial." *State v. Howse*, 9th Dist. Lorain No. 12CA010251, 2012-Ohio-6106, ¶ 6. "Under the doctrine of res judicata, [however,] constitutional issues cannot be considered in post[-]conviction proceedings * * * where they have already been or could have already been litigated by the convicted defendant, while represented by counsel, either before conviction or on direct appeal." *State v. Kiley*, 9th Dist. Lorain No. 12CA010254, 2013-Ohio-634, ¶ 7, quoting *State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, ¶ 19. On direct appeal, Thomas assigned as error that his constitutional rights to a public trial were violated when the trial court did not answer a jury question in open court, in his and his counsel's presence. Although we agreed that it was prudent for courts to conduct such proceedings on the record, we rejected Thomas' argument because he failed to support it with adequate legal authority. *See Thomas*, 2015-Ohio-2935, at ¶ 49. Accordingly, Thomas previously raised his public trial argument on direct appeal with the benefit of counsel.

{¶8} Thomas has not made any attempt to show how the argument in this assignment of error differs from the one he either made or could have made on direct appeal while he was represented by counsel. *See* App.R. 16(A)(7). Because this Court heard Thomas' argument on direct appeal, res judicata prevents him from asserting it as a basis for post-conviction relief. *See Kiley* at ¶ 7, quoting *Lott* at ¶ 19. His fifth assignment of error is overruled.

Assignment of Error Number Four

THOMAS' RIGHT TO BE PRESENT AT ALL STAGES OF HIS TRIAL WAS VIOLATED WHEN HE DID NOT WAIVE HIS RIGHT TO BE PRESENT FOR JURY QUESTIONS AND ANSWERS AND HIS LAWYERS NEVER DISCUSSED THE JURY QUESTIONS WITH HIM ALL IN VIOLATION OF CRIM[.] R. 43(A), THE FIFTH, SIXTH AND FOURTEENTH AMENDMENT OF THE FEDERAL CONSTITUTION AND ART I SECTION 10 OF THE OHIO CONSTITUTION.

{¶9} In his fourth assignment of error, Thomas argues that he was entitled to post-conviction relief because he was denied his constitutional right to be present at all stages of his trial. Specifically, he argues that he had a right to be present when the trial judge received and answered a question from the jury during deliberations. Because Thomas cannot demonstrate prejudice as a result of his absence, we reject his assignment of error.

{¶10} Initially, we note that Thomas raised this same argument on direct appeal, but this Court was unable to address its merits. *See Thomas*, 2015-Ohio-2935, at ¶ 47. We found that the record was silent as to whether "the trial court consulted with the parties regarding the [jury] question and on whether the parties were present when the court answered the question." *Id.* Because we determined that Thomas' argument required proof outside the record, we did not address its merits. As such, his fourth assignment of error is not barred by res judicata. *Compare* discussion, *infra*.

{¶11} "A criminal defendant has a fundamental right to be present at all critical stages of his trial." *State v. Hach*, 9th Dist. Summit No. 27409, 2014-Ohio-5113, ¶ 6. Even so, "[a] criminal defendant's absence * * * 'does not necessarily result in prejudicial or constitutional error.'" *Id.*, quoting *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 90.

> Before a defendant may prevail upon the argument that he was denied due process as a result of his absence, * * * (1) "'[t]he record must affirmatively indicate the absence of [the] defendant or his counsel during a particular stage of the trial,'" * * * and (2) the defendant must show that the absence prejudiced his defense.

(Alterations sic.) *State v. Davison*, 9th Dist. Lorain No. 10CA009803, 2011-Ohio-1528, ¶ 7, quoting *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 105, quoting *State v. Clark*, 38 Ohio St.3d 252, 258 (1988). In the absence of a showing of prejudice, any error in not securing the defendant's presence is harmless. *See Hack* at ¶ 6-7.

**{¶12}** Because the trial court did not permit discovery or hold a hearing on Thomas' petition, the record contains limited evidence regarding the jury question that the trial court is said to have received and answered. It does contain, however, a sheet of paper with what appears to be a list of questions from the jury and another sheet of paper with what appears to be the court's responses. The third question on the list that appears to be from the jury reads as follows:

> Under Self Defense, Part (A) stated "he was not at fault in creating the situation that gave rise to the dispute […]"/ We are having trouble analyzing the issue of "fault." If he were say "10%" at fault for having agreed to fist fight, is he considered at fault as it pertains to the wording in this section?

(Alteration sic.) The response to the question reads as follows:

> You must re-review and apply your collective understanding of the meaning of the terms used in the jury instructions. The court cannot further define the meaning of those terms.

Thomas presented an affidavit in support of his post-conviction relief petition and averred that he was not present for any jury questions, he did not waive his presence, and his attorneys never discussed any jury questions with him. He argues that he was prejudiced when the court received and answered the above-quoted jury question outside of his presence because the court's answer was vague and his absence deprived him of the ability to object to it.

**{¶13}** Even assuming that the trial court did, in fact, receive and answer the jury's question without Thomas or his counsel being present, Thomas cannot demonstrate prejudice as a result of his absence. *See Davison* at ¶ 7. His claim of prejudice stems strictly from his inability to challenge the court's allegedly vague answer through an objection. The propriety of the court's answer, however, was a matter that Thomas could have raised on direct appeal. In fact, Thomas specifically argued on appeal that the trial court improperly answered the jury's question about fault. *See Thomas*, 2015-Ohio-2935, at ¶ 48. Over a dissent, a majority of this

Court rejected his argument. *See id.* Thomas' absence, therefore, did not deprive him of the ability to challenge the trial court's answer. He had the opportunity to litigate that issue on appeal, and his appeal resulted in this Court rejecting his assertion that the trial court's answer was improper. *See id.* Thomas has not shown that, had he been present when the court received and answered the jury's question, the result in this matter would have been any different. *See Hach*, 2014-Ohio-5113, at ¶ 6-7. Accordingly, even assuming that the court erred by receiving and answering a question from the jury outside of Thomas' presence, that error was harmless. Thomas' fourth assignment of error is overruled.

<u>Assignment of Error Number Eight</u>

> THE TRIAL COURT IMPROPERLY DENIED DISCOVERY AND AN EVIDENTIARY HEARING UNDER OHIO LAW AND WELL ESTABLISHED U.S. SUPREME COURT DECISIONS AND THE FEDERAL CONSTITUTION.

{¶14} In his eighth assignment of error, Thomas argues that the trial court erred by denying his petition for post-conviction relief without allowing him to conduct discovery or holding an evidentiary hearing. We agree in part.

{¶15} "This Court has long held that there is no right to discovery in a post[-]conviction proceeding." *State v. Craig*, 9th Dist. Summit No. 24580, 2010-Ohio-1169, ¶ 6. "That is because post-conviction relief is a civil, statutory remedy whose procedures are governed by R.C. 2953.21," *State v. Ross*, 9th Dist. Summit No. 27180, 2014-Ohio-2038, ¶ 13, and the statute "does not provide for discovery." *Craig* at ¶ 6. Because Thomas did not have a right to conduct discovery on his petition for post-conviction relief, the trial court did not err by denying his request for the same. *See Craig* at ¶ 6. Accordingly, his eighth assignment of error is overruled in part. *See State v. White*, 9th Dist. Summit No. 19040, 1999 WL 394938, *2 (June 16, 1999).

{¶16} We next consider whether the court erred by not conducting a hearing on Thomas' petition. "A [post-conviction relief] petitioner 'is not automatically entitled to a hearing.'" *State v. El-Jones*, 9th Dist. Summit No. 26616, 2013-Ohio-3349, ¶ 4, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). Rather, the trial court must exercise its discretion to determine whether a hearing is warranted. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 51. "Before granting a hearing on a petition * * *, the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(C). When a claim of ineffective assistance of counsel provides the basis for the relief, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107 (1980), syllabus.

> [A] trial court properly denies [the] * * * petition * * * without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that [the] petitioner set forth sufficient operative facts to establish substantive grounds for relief.

*Calhoun* at paragraph two of the syllabus. If, however, the petitioner sets forth sufficient operative facts "to demonstrate the lack of competent counsel and that [he or she] was prejudiced by trial counsel's ineffectiveness," then the trial court abuses its discretion by denying the petition without an evidentiary hearing. *State v. Maruna*, 9th Dist. Summit No. 21595, 2004-Ohio-730, ¶ 16.

{¶17} In support of his petition for post-conviction relief, Thomas presented the court with his own affidavit and several documents. The documents included copies of: (1) an evaluation that the Akron Public School system performed on Thomas when he was eight years old; (2) a screen pediatric psychosocial influences report that a doctor compiled when Thomas was seventeen years old; (3) an anger management program certificate from the Greenleaf

Family Center, indicating that Thomas completed the program; (4) a diagnostic assessment conducted by the Greenleaf Family Center shortly before Thomas' seventeenth birthday; and (4) paperwork indicating that Thomas would continue to receive supplemental security income payments, despite his having turned eighteen years of age. The documents indicated that Thomas had a "low average" full scale IQ score of 80, as well as an adjustment disorder and difficulty controlling his anger. They also indicated that he had suffered from childhood trauma. Thomas pointed to the foregoing items as evidence in support of his self-defense claim, arguing that they bore upon his subjective state of mind at the time he shot Smith with the gun that Smith unexpectedly produced.

{¶18} In his affidavit, Thomas averred that the two attorneys who represented him at trial never had him sign a release for any of the foregoing information. He stated that he was in jail from August 2013 to January 2014, one of his attorneys never visited him in jail, and his other attorney visited him a total of five to six times before trial. Of those five or six visits, Thomas averred, three of them occurred "the Friday, Saturday and Sunday before [his] Monday trial in January 2014." Thomas attached to his petition a copy of an email from a clerical supervisor at the Summit County Jail. The email confirmed that, between August 2013 and January 2014, the jail's sign in logs did not reflect that Thomas received any visits from his attorneys during normal business hours.

{¶19} In his petition, Thomas argued that his attorneys failed to thoroughly investigate his history and to prepare him for trial. Because his attorneys did not meet with him in a timely manner, Thomas argued, there was no opportunity for them to learn about the foregoing records, obtain them, and secure the services of an expert who could have explained their significance to the jury. Thomas argued that the documents regarding his low IQ and psychological issues

would have bolstered his self-defense claim, had his attorneys uncovered them and presented them at trial in the context of expert testimony. According to Thomas, his attorneys did not adequately prepare him for his testimony and their lack of investigation and preparation negatively impacted his ability to succeed on his affirmative defense.

{¶20} The trial court determined that Thomas was not entitled to relief because he failed to show that his attorneys made serious errors at his trial and/or that any of their alleged errors prejudiced his defense. The court found it "unlikely" that the records Thomas supplied in support of his petition "would have had a positive impact on the jury's consideration of [his] self-defense claim." Additionally, the court rejected Thomas' argument that the purported failure of his attorneys to visit him in jail amounted to ineffective assistance of counsel. The court noted that, by Thomas' own admission, one of his attorneys visited him in jail on five or six occasions. According to the court, that same attorney "appeared to be prepared for trial and presented a strong self-defense claim on [Thomas'] behalf." The court concluded that Thomas failed to meet his burden on his ineffective assistance of counsel claims because he did not show that his attorneys performed deficiently and that, had they visited him more often, the outcome of his trial would have been different.

{¶21} This Court has carefully reviewed the record in this matter. Having done so, we must conclude that the trial court erred by not conducting a hearing. To warrant a hearing, Thomas was not required to show that he would ultimately prevail on the merits of his ineffective assistance of counsel claims. Rather, he had to set forth "sufficient operative facts" in support of those claims. *See Jackson*, 64 Ohio St.2d 107 at syllabus. Thomas presented the court with an affidavit in which he averred that one of his attorneys never met with him and the other met with him five or six times. He averred that, of those five or six times, three of those

visits occurred the Friday, Saturday, and Sunday before his Monday trial commenced. Moreover, his affidavit was not the only piece of evidence he presented in support of his claim. He bolstered his affidavit with a copy of an email from a clerical supervisor at the Summit County Jail. That email confirmed that, from August 2013 to January 2014, the jail did not log any visits between Thomas and his attorneys during normal business hours.[1] *Compare State v. Clutter*, 9th Dist. Summit No. 24096, 2008-Ohio-3954, ¶ 18 (petitioner not entitled to hearing where the record was devoid of any jail records supporting defendant's assertion that counsel had limited visitation with him).

{¶22} Thomas faced an extremely serious charge at trial. Moreover, his attorneys opted to defend against that charge by arguing self-defense. Because self-defense is an affirmative defense, the type and quality of the evidence Thomas introduced in support of his self-defense claim was critical to its success. *See State v. Westfall*, 9th Dist. Lorain No. 10CA009825, 2011-Ohio-5011, ¶ 19, quoting *State v. Tucker*, 9th Dist. Medina No. 06CA0035-M, 2006-Ohio-6914, ¶ 4 (setting forth the elements of self-defense in cases involving deadly force). According to Thomas, however, he barely received the advice of counsel before trial.

{¶23} We are troubled by the notion that an attorney would wait until the eve of trial to prepare his client to defend himself against a charge of aggravated murder; particularly, if that attorney intended to have the client testify that he acted in self-defense. "An attorney has a 'duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *State v. Brown*, 9th Dist. Summit No. 25710, 2011-Ohio-6733, ¶ 12, quoting *Strickland v. Washington*, 466 U.S. 668, 691 (1984). At the very least, Thomas presented evidence that raised questions as to whether his attorneys adequately investigated his

---

[1] The email also clarified that there is no sign in log for attorneys if they visit their clients on the weekend or after normal business hours.

background and adequately prepared him for trial. His affidavit, in conjunction with the other evidentiary materials he presented, provided sufficient operative facts to warrant an evidentiary hearing on his ineffective assistance of counsel claims. *See Maruna*, 2004-Ohio-730, at ¶ 12-16. *See also State v. Jones*, 9th Dist. Summit No. 25695, 2011-Ohio-6063, ¶ 54. Accordingly, we must conclude that the trial court erred by not holding a hearing on his petition. To that end, Thomas' eighth assignment of error is sustained.

### Assignment of Error Number One

COUNSEL WAS INEFFECTIVE UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION AND ART. I SEC. 10 OF THE OHIO CONSTITUTION BY FAILING TO PRESENT AVAILABLE EVIDENCE OF THOMAS' STATE OF MIND.

### Assignment of Error Number Two

COUNSEL FAILED TO CONDUCT A THOROUGH INVESTIGATION OF LAW AND FACTS AND WAS THUS INEFFECTIVE UNDER STRICKLAND AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION AND ART. I, SEC. 10 OF THE OHIO CONSTITUTION.

### Assignment of Error Number Three

COUNSEL WAS INEFFECTIVE UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION AND ART. I SECTION 10 OF THE OHIO CONSTITUTION WHEN THEY FAILED TO PROPERLY PREPARE HIM FOR HIS TESTIMONY.

### Assignment of Error Number Six

COUNSEL WAS INEFFECTIVE UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION AND ART I SECTION 10 OF THE OHIO CONSTITUTION WHEN THEY FAILED TO SECURE THE SERVICES OF MENTAL HEALTH EXPERT TO TESTIFY CONCERNING EXHIBITS 1-3 AND 6 AND ITS IMPACT ON THOMAS' STATE OF MIND AND SUBJECTIVE ELEMENTS OF SELF DEFENSE.

{¶24} In each of the foregoing assignments of error, Thomas argues that the court erred by denying his petition for post-conviction relief on the grounds of ineffective assistance of counsel. Because this matter must be remanded for a hearing, however, his first, second, third,

and sixth assignments of error are not yet ripe for review, and we decline to address them. *See, e.g., Akron v. Heller*, 9th Dist. Summit No. 26969, 2013-Ohio-5228, ¶ 8.

Assignment of Error Number Seven

THOMAS WAS DENIED DUE PROCESS AND THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE CUMULATIVE EFFECT OF THE ERRORS DESCRIBED ABOVE UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION AND ART. I SECTION 10 OF THE OHIO CONSTITUTION.

**{¶25}** In his seventh assignment of error, Thomas argues that the cumulative effect of the aforementioned errors deprived him of the ineffective assistance of counsel. "Having concluded that the case should be remanded, we decline to address this issue." *State v. Fry*, 9th Dist. Summit No. 26121, 2012-Ohio-2602, ¶ 40.

III

**{¶26}** Thomas' eighth assignment of error is sustained in part and overruled in part, and his fourth and fifth assignments of error are overruled. Based on our determination that this matter must be remanded for a hearing, his first, second, third, and sixth assignments of error are not yet ripe for review. Additionally, we decline to address his seventh assignment of error. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,<br>reversed in part,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
BETH WHITMORE
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶27} Because I believe that none of Thomas' claims are barred by res judicata, I respectfully concur in part and dissent in part.

{¶28} The majority concludes that Thomas' fifth assignment of error, that he was denied the right to a public trial, is barred by res judicata because he previously raised it on direct appeal. I cannot agree with this conclusion.

{¶29} In his direct appeal, Thomas presented three assignments of error related to the question posed by the jury: "In his sixth, eighth, and ninth assignments of error, Mr. Thomas

argues that the trial court erred in answering a jury question and that the court improperly answered the question without his or his counsel's presence in open court." *State v. Thomas*, 9th Dist. Summit No. 27266, 2015-Ohio-2935, ¶ 44. This Court concluded it could not fully address his arguments because the transcript was silent on whether the trial court consulted with the prosecutor, defense attorneys, or Thomas regarding the question and whether they were present when the court answered the question. *Id*. at ¶ 47. Thus, this Court concluded that "Mr. Thomas' sixth, eighth, and ninth assignments of error depend, in whole or in part, upon the premises that Mr. Thomas and his counsel were not consulted prior to the court answering the jury question, and that they were not present when the court proceeded to answer the question. However, on direct appeal, our review is limited to the record, and from this record, we cannot determine the accuracy of these premises." *Id*. at ¶ 47.

{¶30} Although the decision then addressed parts of two of the assignments of error, it did not do so in a vacuum. This Court had already concluded that it could not fully analyze these issues because the record was silent on critical points. Thus, the decision's conclusion that Thomas failed to analyze the law in support of his sixth assignment of error, and that he did not provide citations in support of part of his ninth assignment of error, are of limited significance to Thomas' post-conviction relief claim.

{¶31} "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp*., 73 Ohio St.3d 379, 382 (1995). Here, there was no final judgment on the merits from this Court. Rather, this Court concluded that the record on appeal was insufficient for this Court to evaluate Thomas' claim. Res judicata bars a convicted defendant, who was represented by counsel, from raising a claim in a petition for post-conviction

relief that was raised, or could have been raised, by the defendant on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. I do not agree that res judicata applies to bar Thomas' post-conviction claim. This Court determined in his direct appeal that the record did not contain the facts necessary to address his claim. In other words, Thomas could not raise his claim on appeal. Public policy demands that there be an end to litigation, and I have long been a proponent of the application of res judicata to prevent relitigation of claims. Res judicata cannot apply to Thomas' petition, however, because he did not have an opportunity to fully raise and litigate his claim in his direct appeal.

{¶32} I also disagree with the majority's conclusion that Thomas is not entitled to relief on his fourth assignment of error. Thomas asserted in his assignment of error that his right to be present for all critical stages was violated. The majority concludes, however, that because Thomas argued on direct appeal that the trial court's answer to the jury's question was improper, and this Court rejected his argument, that Thomas cannot show prejudice from his absence during this process.

{¶33} The majority's analysis misses the mark. Thomas' complaint is that he was not present during a critical stage of his trial. Whether his presence, and his input on the appropriate answer, would have made a difference in the trial court's answer is a different issue than the one Thomas raised. Thomas asserted that he had a constitutional right to be present at this critical stage. Because the majority has not addressed Thomas' argument on appeal, I respectfully dissent from its resolution of the fourth assignment of error.

{¶34} I disagree with the majority's conclusion that Thomas' claim was barred by res judicata and that Thomas could not show prejudice. I respectfully dissent from that portion of the majority's opinion that concludes otherwise.

APPEARANCES:

JOHN P. PARKER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.